**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

FAHED DENHASH,
Petitioner,
v.
JAMES JANECKA, et al.,
Respondents.

Case No. 5:26-cv-05901-ACCV

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

## I. RULING

On October 6, 2026, Petitioner Fahed Denhash ("Petitioner") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"), challenging his detention as a violation of federal law and the Fifth Amendment. (Dkt. 1 at 15.) For the reasons stated herein, the Court denies the Petition.

## II. FACTUAL AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Syria. (Dkt. 1 at 2.) Petitioner entered the United States on May 11, 2023, through San Ysidro, California, without being admitted or paroled. (Dkt. 1-6 at 5.) On June 13, 2024, Petitioner filed Form I-821, Application for Temporary Protected Status ("TPS"). (*Id.*) On March 25, 2025, Petitioner's TPS application was approved with an expiration date of September 30, 2025. (*Id.* at 6.)

Since his arrival in the United States, Petitioner claims to have been an active

member of his local church and employed at a wine and spirits store. (Dkt. 1-7 at 40-42.) Petitioner claims he fears returning to Syria due to risk of religious persecution for his Christian faith. (Dkt. 1-7 at 19.) On August 11, 2026, Petitioner was arrested in Tustin, California, as part of a targeted enforcement operation. (Dkt. 1-6 at 5.)

On September 2, 2026, Petitioner received a bond hearing. (Dkt. 1-3 at 2.) In the hearing the Immigration Judge ("IJ") concluded Petitioner failed to meet his burden:

> Indeed, the Court considered all flight risk factors, including the relatively recent and surreptitious entry into the United States, limited ties to the United States, dubious sponsorship, and speculative pathway to relief that would allow him to remain in the United States, inter alia. *See generally* Ex. 2 (containing the respondent's supporting evidence); *see also* Ex. 3 (containing a report of the immigration history); *Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006) (listing flight risk considerations and finding that the Court may give varying weight to the factors present in each case so long as the decision is reasonable); *Matter of R-A-V-P-*, 27 I&N Dec. 803, 805 (BIA 2020) (the limited prospects for relief and the speculative "likelihood that relief from removal will be granted" substantially increases the flight risk because the applicant has limited incentive to appear for any future immigration proceeding or for removal). The burden of proof was placed on the respondent by a preponderance of the evidence. As explained by the Ninth Circuit Court of Appeals in *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1200 (9th Cir. 2022), a respondent seeking bond from an Immigration Judge in a bond proceeding under INA section 236(a) must "demonstrate[] by the preponderance of the evidence that he is not 'a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk.'" *Id.* (quoting *Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006)); *see also Flores v. Lynch*, 828 F.3d 898, 909 (9th Cir. 2016) (stating that a respondent seeking custody redetermination under INA section 236(a) "bears the burden of establishing 'that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'" (quoting *Matter of Guerra*, 24 I&N Dec. at 39));

> *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (observing that "[n]othing in [section 236(a) of the Immigration and Nationality Act] . . . even remotely supports the imposition of" a requirement on the government to "prove by clear and convincing evidence that the alien's continued detention is necessary").
> Should the respondent appeal the Court's custody redetermination decision to the Board of Immigration Appeals, this Court will provide a more fulsome memorandum to facilitate review of the appeal. *See* Immigration Court Practice Manual, Chap. 8.3(e)(7).

(*Id.*)

On September 3, 2026, Petitioner filed a Notice of Appeal with the Board of Immigration Appeals ("BIA"). (Dkt. 1-5 at 2.) The appeal remains pending. On September 16, 2026, the IJ provided a memorandum explaining their bond decision. (Dkt. 1-4 at 2.)

On October 6, 2026, Petitioner filed the Petition and alleges that his continued detention pursuant to a flight-risk determination materially affected by an arbitrary or legally impermissible inference violates federal law and the Fifth Amendment. (Dkt. 1 at 15–16.) Specifically, Petitioner challenges the IJ's inference—based in part on Immigration Court data showing a low rates of grants of relief—that Petitioner's limited prospects for relief increased his likelihood of flight. (Dkt. 1 at 10–11.)

On October 13, 2026, Respondents filed an answer and argue Petitioner is properly detained as Petitioner already received a bond hearing. Respondents also argue that the Petition should be denied for failure to state a viable claim and failure to exhaust administrative remedies. (Dkt. 7 at 7.)

On October 14, 2026, Petitioner filed a reply and largely reiterates arguments made in the Petition. (*See generally* Dkt. 8.)

## III. LEGAL STANDARD

Federal district courts possess the authority to grant petitions for writ of habeas corpus by a person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(a), (c)(3). "The petitioner carries the burden of proving by a preponderance of the evidence that he is entitled to habeas relief." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); *see also Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025) (noting that immigration detainee bears burden of proving by a preponderance of the evidence that he is entitled to habeas relief).

## IV. DISCUSSION

The Court finds that exhaustion of administrative remedies is required in this case, and that Petitioner has failed to establish any valid exception to the exhaustion requirement.

In a bond hearing, the detainee holds the burden of proof to establish they are not a flight risk or a danger to the community. *See* 8 C.F.R. §§ 1003.19, 1236.1(c)(8); *see also Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1211 (9th Cir. 2022) ("We are aware of no Supreme Court case placing the burden on the government to justify the continued detention of an alien, much less through an elevated "clear and convincing" showing.") (citation omitted).

Here, the IJ found Petitioner was a flight risk. (Dkt. 1-3 at 2.) The IJ considered all flight risk factors presented and found that those factors did not weigh in Petitioner's favor. (*Id.*) Petitioner argues that the IJ improperly relied on Immigration Court data showing that approximately 9% of cases resulted in a grant of relief and fewer than 1% resulted in withholding or deferral of removal to conclude that Petitioner's limited prospects for relief substantially increased his risk of flight. (Dkt. 1 at 10–11.) This sort of factual inquiry is better addressed on appeal to the BIA. Nevertheless, this was only one of four factors the IJ relied on in finding that Petitioner posed a flight risk. (Dkt. 1-3 at 2.) Accordingly, Petitioner's contention that the IJ failed to provide a reasoned analysis is unpersuasive. (See Dkt. 1 at 16.)

Furthermore, Petitioner has filed an appeal with the Board of Immigration Appeals ("BIA"), his direct administrative remedy. *See* 8 C.F.R. §§ 1003.1(b), 1003.19(f), 1003.38. The BIA reviews de novo all "questions of law, discretion, and judgment" from the decisions of immigration judges. 8 C.F.R. § 1003.1(d)(3)(ii). The BIA also reviews for clear error any findings of fact, "including findings as to the credibility of testimony." *Id.* § 1003.1(d)(3)(i); *see Vitug v. Holder*, 723 F.3d 1056, 1063 (9th Cir. 2013). As a result, the Ninth Circuit has held that the detainee must first "exhaust[] administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011).

In *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007), the Ninth Circuit discussed the three-step analysis for requiring prudential exhaustion: "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Chertoff*, 488 F.3d at 815 *citing Noriega–Lopez*, 335 F.3d at 881 (quoting *Montes v. Thornburgh*, 919 F.2d 531, 537 (9th Cir.1990)).

First, the BIA has subject-matter expertise in reviewing bond determinations, *see* 8 C.F.R. § 1003.1(b)(7)—expertise particularly valuable here given petitioner's central complaint that the IJ's written decision lacks reasoned analysis and/or rests on an improper inference. (Dkt. 1 at 10.) BIA review would help explain the decision and whether that explanation is adequate.

Second, if Petitioner could bypass the BIA while arguing that the immigration judge's order lacked reasoned analysis and/or relied on an improper inference, then every noncitizen denied bond who argued the IJ's decision lacked reasoned analysis or relied on an improper inference would have a shortcut to federal court. Those who most need appellate review would be the ones who skip it. This is precisely the

"improper shortcut" that the Ninth Circuit prohibits. *Leonardo*, 646 F.3d at 1160. Moreover, an immigration judge's order is not the agency's final word. It is the first step in a process designed to produce a reasoned decision at the administrative appellate level. Only then would the administrative record be complete and only then would a federal court have the considered agency decision that federal courts can review— especially considering that it is limited even more by jurisdictional limits in 8 U.S.C. § 1226(e). *See generally Martinez II*, 124 F.4th at 785–86.

Third, the BIA can correct the alleged deficiencies Petitioner identifies. If the order rests on an improper inferences and/or lacks reasoned analysis, the BIA has authority to remand for a new hearing with instructions to issue a reasoned decision, rendering federal-court intervention unnecessary. In the alternative, the BIA may conclude that the immigration judge's memorandum adequately explains the decision, closing the administrative circuit with a final agency action that a federal court can review provided it has jurisdiction under § 1226(e).

The Court recognizes exhaustion in immigration habeas cases is prudential, not jurisdictional. *See Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). Still, federal courts excuse it only where "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004). Here, Petitioner's claim is exactly the kind of claim the BIA is designed to review. The BIA routinely remands bond decisions when the immigration judge's reasoning is insufficient.

This is not to make light of Petitioner's continued detention. Our immigration laws, however, are such that every noncitizen denied bond by an IJ is detained during the pendency of an appeal. If the ordinary delay of administrative review—and its corresponding extension of a petitioner's detention—constituted "irreparable injury" sufficient to excuse exhaustion, then it would be excused in every bond denial. S*ee,*

*e.g., Yu v. Noem*, 2026 WL 1042213, at *3 (E.D. Cal. Apr. 17, 2026) ("[E]xcusing exhaustion on that basis would cause the exception to swallow the rule.").

Thus, the Court finds that exhaustion of administrative remedies is required in this case, and that Petitioner has failed to establish any valid exception to the exhaustion requirement.

## V. CONCLUSION

For the reasons stated, the COURT DENIES the Petition.

DATED: November 9, 2026

HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge